# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2006

126758

IN RE VANCONETT, ESTATE.

_____/

FLOYD RAU, Personal Representative of the
Estate of HERBERT LEE VANCONETT,
Deceased; JOYCE ANN FLORIP; KAREN JEAN
PETERSON; and SANDRA LEE PARACHOS,
        Plaintiffs-Appellants,

v

ELIZABETH M. LEIDLEIN and
MARIANNE DURUSSEL,
        Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126758
COA: 247516
Saginaw PC: 01-111943-DE

     On December 1, 2005, the Court heard oral argument on plaintiffs' application for leave to appeal the July 1, 2004 judgment of the Court of Appeals. Plaintiffs' application for leave to appeal is again considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether MCL 700.2514 has displaced the case law that predated the adoption of the Estates and Protected and Individuals Code, MCL 700.1101 *et seq.* (EPIC), under MCL 700.1203(1), (2) whether the mere fact that Herbert and Ila VanConett entered into a mutual will imposes restrictions on the surviving spouse's power of disposal despite the absence of express contractual or testamentary limitations on the power of alienation, (3) the source and nature of such a restraint if it is contended that Herbert VanConett was so restrained from disposing of his estate, and (4) whether any secondary authority in wills and estates law (e.g. hornbooks and treatises), or practice in the field, supports the proposition that a mutual will imposes restrictions on the surviving spouse's power of disposal in the absence of express contractual language or testamentary limitations on the power of alienation.

     The Real Property Law and Probate and Estate Planning Sections of the State Bar of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the questions presented may move the Court for permission to file briefs amicus curiae.



     I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2006

_____
Clerk

p0110